IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS ALAN FELDMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-CV-2835-P |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Douglas Alan Feldman is a Texas death-row inmate set for execution on July 31, 2013. He has filed a *pro se* document that he requests this Court accept as a successive petition for a federal writ of habeas corpus ("*Pro se* Successive Application," doc. 3 at p. 7). This successive application should be transferred to the United States Court of Appeals for the Fifth Circuit.

I

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. A petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A

claim presented in a second or successive application under Section 2254 that was not presented in a prior application must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before a petitioner files his application in the federal district court. *Id.* § 2244(b)(3).

II

A previous habeas challenge to his conviction has been denied by this Court. *See Feldman v. Thaler,* No. 3:07-CV-1284-P, 2011 WL 1666937 (N.D. Tex. May 3, 2011), *COA denied*, 695 F.3d 372 (5th Cir. 2012), *cert. denied,* No. 12-7748, 2013 WL 1091816 (Mar. 18, 2013). This Court denied habeas relief, and neither this Court nor the Court of Appeals granted a certificate of appealability.

Feldman previously filed another *pro se* successive petition with this Court.

Case 3:13-cv-02835-P Document 4 Filed 07/22/13 Page 3 of 5 PageID 15

*Feldman v. Thaler*, No. 3:13-cv-01561-P (doc. 3). That successive petition was transferred to the United States Court of Appeals for the Fifth Circuit on April 23, 2013. (No. 3:13-cv-01561-P, doc. 6, Judgment.)

The instant *Pro se* Successive Application raises many claims for habeas relief that were not presented in the prior habeas petition and are subject to the limitation of 28 U.S.C. § 2244(b)(2). Because the Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 application for post-conviction relief, this Court is without jurisdiction to do so. This Court may either dismiss the application for lack of jurisdiction or transfer it to the Court of Appeals. *See In re Hartzog*, 444 F. App'x 63, 64 (5th Cir. 2011) (per curiam) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)); *Hearn v. Thaler*, No. 3:12–CV–2140–D, 2012 WL 2715653 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution).

III

Feldman makes other requests related to his *Pro se* Successive Application for writ of habeas corpus. He requests that qualified counsel be appointed. This Court has already appointed qualified counsel under 21 U.S.C. § 848(q)(4)(B) (now 18 USC §

3

3599). (No. 3:07-CV-1284-P, doc. 5, Order appointing counsel.) This appointment continues throughout every subsequent stage of available judicial proceedings. *See* 18 USC § 3599(e).

Feldman also moves for a stay of his execution (doc. 3 at 7). Because the Court lacks jurisdiction to consider the petition, it also denies the motion for stay of execution for want of jurisdiction. *See Green v. Harris Cnty.*, 390 F.3d 839, 839-840 (5th Cir. 2004).

IV

The *Pro se* Successive Application for habeas relief (doc. 3) is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit for a determination of whether to authorize the filing of this successive habeas petition under 28 U.S.C. § 2244(b)(2). The motion for appointment of counsel is DENIED as moot. The motion for stay of execution is DENIED for want of jurisdiction.

V

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has previously been allowed to proceed *in forma pauperis* in related proceedings (No. 3:07-CV-1284-P, Mem. Order, doc. 20; No. 3:13-cv-01561-P, Mem. Order, doc. 4), and this status is also granted in this case and continued for purposes of appeal. The Clerk is directed to send appointed counsel Robin Norris a copy of this order and the *Pro se* Successive Application.

IT IS SO ORDERED.

Signed this 22nd day of July 2013.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE